UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JULIO CHRISTIAN,
    Plaintiff,

v.

STATE OF PENNSYLVANIA, et al.,[1]
    Defendants

CASE NO. 3:14-CV-1559

(JUDGE NEALON)

FILED
SCRANTON
AUG 19 2014
PER _____
DEPUTY CLERK

## MEMORANDUM

On August 11, 2014, Plaintiff, Julio Christian, an inmate currently incarcerated at the Rockview State Correctional Institution in Bellefonte, Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). At the same time he filed the complaint, Plaintiff also filed a motion for leave to proceed in forma pauperis. (Doc. 2). This Court has conducted an initial screening of the complaint, and for the reasons set forth below, the motion to proceed in forma pauperis will be granted for the sole purpose of filing the instant action, the complaint will be dismissed without prejudice, and Plaintiff will be directed to file a properly supported amended complaint.

## Standard of Review

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321

---

1. The Complaint names only the "State" as a Defendant. See (Doc. 1).

(April 26, 1996), authorizes a district court to dismiss an action brought by a prisoner under 28 U.S.C. § 1915[2] if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. "The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Credico v. Guthrie, 2014 U.S. App. LEXIS 11960, *3 (3d Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court "must accept the truth of all factual allegations in the complaint and must draw all reasonable inferences in favor of the non-movant." Revell v. Port Auth., 598 F.3d 128, 134 (3d Cir. 2010).

---

2. Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>   (A) the allegation of poverty is untrue; or
>   (B) the action or appeal--
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is
>      immune from such relief.

"Additionally, a civil rights complaint must comply with Federal Rule of Civil Procedure 8(a)." Atwater v. Shaffer, 2014 U.S. Dist. LEXIS 87463, *3 (M.D. Pa. 2014) (Jones, J.). Federal Rule of Civil Procedure 8(a)(2) dictates that to state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "The Third Circuit has held that a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). Further, pro se complaints are to be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972).

**Complaint**

The caption of the complaint reads "Julio Christian v. State." (Doc. 1). The complaint states, in its entirety,

42 USCA § 1983
1. That State impaired its contract and that impairment was substantial.
2. He is entitled to relief.
3. Mental and emotional distress for injury suffered.
Relief Sought
Relief from judgement [sic] of conviction, expungement of

record, and order for release.

(Doc. 1).

**Discussion**

In order to state a viable § 1983 claim, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). As to the first element, Plaintiff has failed to identify the conduct complained of. The complaint does not specify what "contract" was impaired, or when, where, or how it was impaired. See Evancho, 423 F.3d at 353. Additionally, a "State is not a 'person' under § 1983." Haywood v. Drown, 556 U.S. 729, 734 n.4 ( 2009) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989)); Christian v. Pa. Bd. of Prob. & Parole, 2014 U.S. Dist. LEXIS 3491, *5 (M.D. Pa. 2014) (Conaboy, J.) (concluding that "the Commonwealth of Pennsylvania is clearly not a properly named Defendant in this federal civil rights action and therefore entitled to entry of dismissal"). "Furthermore, the Eleventh Amendment proscribes actions in the federal courts against states and their agencies." Hollingsworth v. Pennsylvania,

2013 U.S. Dist. LEXIS 53063, *4 (W.D. Pa. 2013) (citing Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981)). As to the second required element, Plaintiff does not allege that he was deprived of any "right, privilege, or immunity secured by the Constitution or laws of the United States." Moreover, the relief he seeks is not available in a civil rights action. See Christian v. Pa. Bd. of Prob. & Parole, 2014 U.S. Dist. LEXIS 3491, *7-8 (M.D. Pa. 2014) (Conaboy, J.) (holding that to the extent the plaintiff sought release from confinement, his request was not properly asserted in a civil rights complaint). Consequently, Plaintiff has failed to state a viable section 1983 claim and the complaint will be dismissed.

"[E]ven when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)). Although it is questionable whether an amendment in this case will be futile, see Manning v. Carter, 2013 U.S. Dist. LEXIS 89821, *14-16 (M.D. Pa. 2013) (Blewitt, M.J.) (concluding that because the defendants are entitled to absolute immunity and the relief sought is only available by way of a habeas corpus proceeding, any amendment would be futile), adopted by 2013 U.S. Dist. LEXIS 89071 (M.D. Pa. 2013) (Jones, J.); Bayton v.

Commonwealth, 2012 U.S. Dist. LEXIS 186178, *11 (M.D. Pa. 2012) (Blewitt, M.J.) (determining that "Plaintiff's claims against Defendant Commonwealth of Pennsylvania be dismissed with prejudice since any amendment with respect to this Defendant is futile"), adopted by 2013 U.S. Dist. LEXIS 20167 (M.D. Pa. 2013) (Brann, J.), Plaintiff will be afforded an opportunity to file an amended complaint to sufficiently state a claim for relief against a proper defendant.

Plaintiff is advised that the "amended complaint must be complete in all respects." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (Conaboy, J.). It must be a new pleading which stands by itself without reference to the original complaint. Id. The amended complaint "may not contain conclusory allegations[; r]ather, it must establish the existence of specific actions by the defendants which have resulted in constitutional deprivations." Id. (citing Rizzo v. Goode, 423 U.S. 362 (1976)). "The amended complaint must also be 'simple, concise, and direct' as required by the Federal Rules of Civil Procedure." Id. (citing FED. R. CIV. P. 8(e)(1)). "The allegations should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights." Williams v. Pa. Dep't of Corr., 2013 U.S. Dist. LEXIS 88367, *18 (M.D. Pa. 2013) (Caputo, J.) (citing Ashcroft v. Iqbal, 556 U.S. 662,

676 (2009)).

A separate Order will be issued.

Date: August 19, 2014

_____
United States District Judge