## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

JULIO CHRISTIAN,                          :
                    Plaintiff,            :          CASE NO. 3:14-CV-1559
                                          :
          v.                              :
                                          :          (JUDGE NEALON)
STATE OF PENNSYLVANIA, et al.,            :
                    Defendants            :

FILED
SCRANTON

AUG 2 8 2014

PER _____

DEPUTY CLERK

### MEMORANDUM

On August 11, 2014, Plaintiff, Julio Christian, an inmate currently

incarcerated at the Rockview State Correctional Institution in Bellefonte,

Pennsylvania, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983,

and a motion for leave to proceed in forma pauperis. (Docs. 1-2). He alleged that

"the State impaired its contract" and sought release from confinement. (Doc. 1).

On August 19, 2014, this Court conducted an initial screening of the

complaint pursuant to 28 U.S.C. § 1915 and determined that it failed to state a

claim. (Docs. 6-7). The Memorandum stated that "[a]lthough it is questionable

whether an amendment in this case will be futile, Plaintiff will be afforded an

opportunity to file an amended complaint to sufficiently state a claim for relief

against a proper defendant." (Doc. 6, pp. 5-6) (internal citations omitted). He was

advised, inter alia, that the amended complaint must be "simple, concise, and

direct" as required by Rule 8 of the Federal Rules of Civil Procedure, and that the

"allegations should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights."  (Id.), citing FED. R. CIV. P. 8(e)(1); Williams v. Pa. Dep't of Corr., 2013 U.S. Dist. LEXIS 88367, *18 (M.D. Pa. 2013) (Caputo, J.).

On August 28, 2014, Plaintiff filed an amended complaint.  (Doc. 8).  This complaint has been screened and, for the reasons set forth below, will be dismissed.

## Standard of Review

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to dismiss an action brought by a prisoner under 28 U.S.C. § 1915[1] if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted.  "The legal standard for

---

1. Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>    (A) the allegation of poverty is untrue; or
>    (B) the action or appeal--
>       (i) is frivolous or malicious;
>       (ii) fails to state a claim on which relief may be granted; or
>       (iii) seeks monetary relief against a defendant who is
>          immune from such relief.

dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Credico v. Guthrie, 2014 U.S. App. LEXIS 11960, *3 (3d Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court "must accept the truth of all factual allegations in the complaint and must draw all reasonable inferences in favor of the non-movant." Revell v. Port Auth., 598 F.3d 128, 134 (3d Cir. 2010).

"Additionally, a civil rights complaint must comply with Federal Rule of Civil Procedure 8(a)." Atwater v. Shaffer, 2014 U.S. Dist. LEXIS 87463, *3 (M.D. Pa. 2014) (Jones, J.). Federal Rule of Civil Procedure 8(a)(2) dictates that to state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "The Third Circuit has held that a civil rights complaint is adequate

3

where it states the conduct, time, place, and persons responsible." Evancho v.

Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

In order to state a viable § 1983 claim, a plaintiff must plead two essential

elements: (1) that the conduct complained of was committed by a person acting

under color of state law, and (2) that said conduct deprived the plaintiff of a right,

privilege, or immunity secured by the Constitution or laws of the United States.

Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by

Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Further, pro se complaints are to be liberally construed.  Haines v. Kerner,

404 U.S. 519, 520 (1972).

**Discussion**

In the Memorandum dated August 19, 2014, Plaintiff was advised that "a

'State is not a 'person' under § 1983.'"  (Doc. 6, p. 4) (citing Haywood v. Drown,

556 U.S. 729, 734 n.4 ( 2009).  Nevertheless, the amended complaint again names

the "State of Pennsylvania" as a defendant.  (Doc. 8).  As the State of

Pennsylvania is not a proper defendant, it will be dismissed.  See Christian v. Pa.

Bd. of Prob. & Parole, 2014 U.S. Dist. LEXIS 3491, *5 (M.D. Pa. 2014)

(Conaboy, J.); Hollingsworth v. Pennsylvania, 2013 U.S. Dist. LEXIS 53063, *4

(W.D. Pa. 2013).

4

The amended complaint also names as a defendant "State Officials." (Doc. 8). From Plaintiff's notation at the top of the amended complaint, it is unclear whether he intends to name unnamed "State Officials" or the "Attorney General." See id. Regardless, Plaintiff was instructed that the amended complaint must be specific as to "conduct, time, place, and persons responsible." (Doc. 6) (citing Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005)). But, the amended complaint fails to identify any specific state official, including the Attorney General, as being personally involved in the alleged wrongs. See (Doc. 8). "To establish liability for deprivation of a constitutional right under § 1983, a party must show personal involvement by each defendant." Keys v. Carroll, 2012 U.S. Dist. LEXIS 137930, *26 (M.D. Pa. 2012) (Caputo, J.), citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). Accordingly, the State Officials will also be dismissed.

Having failed to name a proper defendant, the amended complaint will be dismissed. Moreover, the amended complaint fails to satisfy the short and plain statement requirement of Rule 8 of the Federal Rules of Civil Procedure. Again, the amended "complaint does not specify what 'contract' was impaired, or when, where, or how it was impaired." See (Doc. 6, p. 4) (citing Evancho, 423 F.3d at 353). Plaintiff does not identify the "State's policy or custom [that] played a part

5

in the federal law violation." (Doc. 8). He refers to "unconstitutional action" and an "alleged illegality", but does not specify the conduct of which he has complained of. (Id.). Furthermore, it appears that he may be challenging conduct that occurred in the Court of Common Pleas of Philadelphia County, which lies in the Eastern District of Pennsylvania, and not within this Court's jurisdiction. Finally, to the extent Plaintiff may be seeking to raise claims regarding his conviction and sentence in that case, see Commonwealth v. Christian, CP-51-CR-349821-1987 (Phila. Ct. C.P. 1987), his claims may not be raised in a complaint pursuant to 42 U.S.C. § 1983. See Manning v. Mills, 543 Fed. Appx. 256, 258 (3d Cir. 2013) (holding that to the extent the 1983 plaintiff was attempting to challenge his criminal convictions, "such challenges are only cognizable in a habeas petition pursuant to 28 U.S.C. § 2254 after exhausting state remedies as required by 28 U.S.C. § 2254(b) & (c)"), citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

The amended complaint will be dismissed. A separate Order will be issued.

Date: August 28, 2014

**United States District Judge**

6